## JONATHAN NICKERSON and others *vs.* DAVID S. MILLS.

Where a cause was brought before this court from the superior court of Cumberland county, under an agreement that if the jury would be authorized to find a verdict for the plaintiff upon the testimony reported, the defendant was to be defaulted ; otherwise the action to stand for trial; and the evidence showed a conflict upon several questions of fact; this court refused to determine the case and discharged the report. APPLETON, C. J.; CUTTING, and DICKERSON, JJ., dissenting.

Whether or not it is proper to invoke the decision of this court in such cases, where there has been no action of the superior court, and the report does not present the rights of the parties, *quære ?*

ON REPORT from the superior court of Cumberland county.

As this court declined to act upon the report, any statement of facts other than that contained in the dissenting opinion is unnecessary.

*Thomas B. Reed*, for plaintiffs.

*Wm. L. Putnam*, for defendants.

KENT, J. If this case had been before us on report, with full authority to determine it, with right to draw inferences, we might have hesitated before giving a final judgment for either party. But the agreement is that if we determine that the jury would be authorized to find for the plaintiffs upon the evidence reported, the defendant is to be defaulted; otherwise, to stand for trial. Taken literally, this would seem to mean, that, if a verdict had been rendered for the plaintiff and we should not have set it aside as against evidence, then the defendant is to be defaulted. We might not do this, although we might be clearly of opinion that we should have given a different verdict on the evidence, or a different judgment if the case had been before us on report with jury powers. We cannot think that the parties intended anything more than that, unless we were satisfied that there was no possible case

for defendant, and nothing proper for a jury, the case should stand for trial. The agreement looks very one-sided, for if we were clearly of opinion that the defendant was on the evidence entitled to judgment, we could not render it, but the case must be sent back for trial. But if we find that a jury would be authorized to find a verdict for the plaintiffs, then defendant is to be defaulted without any further hearing.

On examination of the evidence we find very considerable conflict of testimony. Several questions of fact are somewhat in doubt.

1. Whether or not the defendant ordered a seine, which was delivered to him or his agent, so as to make him a vendee, and liable for goods sold and delivered. There seems but little doubt of the fact that he did order the seine. 2. If an original bargain, was it rescinded by plaintiffs, and defendant released from liability. 3. Was it finally sold on a new bargain to Appley. 4. If sold to Appley, was he then, as he says, a partner with Mills; and there being no plea in abatement, may he not be held in this suit, even if Appley, his partner, bought it. We indicate no opinion on these points, because we do not think it our duty under the peculiar aspect of the report to determine them. We have serious doubts whether it is within the spirit and intent of the law regulating the transfer of actions from the superior court to this court, to require us to pass upon a case like this, where there is no action by that court, and no report of the case presenting the rights of both parties for our decision. We think that justice requires us to discharge this report. *Report discharged.*

DANFORTH, BARROWS, and TAPLEY, JJ., concurred.

WALTON, J., concurred in discharging the report.

APPLETON, C. J.; CUTTING and DICKERSON, JJ., dissented.

The Chief Justice drew the following dissenting opinion with the assent of the other non-concurring justices.

APPLETON, C. J.   This is an action of assumpsit on account annexed for seine sold the defendant.

It appears, there was a firm of Appley & Mills, of which the defendant was a member.   As no plea in abatement has been filed, the suit may be maintained against the defendant.

By the testimony of Appley the seine was to be furnished by Mills.   Appley testifies that he had the seine before receiving the letters of his partner of July 14, 1870, and that it went into the possession of Mills.   As there was a firm, and the books were kept in the name of Appley & Mills, and the seine was in their hands and used by them, no reason is perceived why they should not pay for it.

The defendant is not a witness.   If he could controvert the statements of his partner, it is to be presumed he would have done so.

The case is submitted under the agreement that the defendant is to be defaulted, if on the foregoing evidence the jury would be authorized to find a verdict for plaintiffs; otherwise, to stand for trial.

The parties had a right to make their own agreement.   In the one made there is nothing unusual or peculiar.

If the plaintiff has made out a case, a default is to be entered. We think he has, and that a default should be entered.

*Defendant defaulted.*

CUTTING and DICKERSON, JJ., concurred.